HART v. HOPWOOD.

(Supreme Court. Appellate Term, First Department. March 4, 1915.)

REWARDS (§ 7*)—ACCEPTANCE—NECESSITY.

Where defendant's automobile was recovered through the efforts of the district attorney and by means of information furnished by plaintiff, plaintiff was not entitled to the reward offered by defendant, having refused it as too small.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. § 7; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis G. Hart against Everard B. Hopwood. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Solomon J. Rosenblum, of New York City (Arthur C. Mandel, of New York City, of counsel), for appellant.

A. Herman Friesner, of New York City (Meyer Levy, of New York City, of counsel), for respondent.

GUY, J. Defendant appeals from a judgment in favor of plaintiff entered on the verdict of a jury in an action brought to recover the amount of an advertised reward offered by plaintiff for the recovery of a stolen automobile.

In response to defendant's advertisement, plaintiff called upon defendant, but, instead of notifying defendant that he accepted defendant's offer, merely stated that he had information which might lead to the recovery of the stolen property, but that the amount offered was too small, and plaintiff gave defendant names of his counsel, through whom he stated all further negotiations must be held. Further negotiations were carried on through plaintiff's counsel, which did not result in any agreement between the parties.

There was no acceptance by plaintiff of defendant's advertised terms, and no meeting of the minds between plaintiff and defendant in connection therewith, such as would constitute a valid contract between plaintiff and defendant. Though the machine was ultimately recovered through information furnished by plaintiff, such information was not furnished by plaintiff to defendant, but to the district attorney's office, and the recovery of the machine was due to the efforts of the district attorney's office. Plaintiff, having failed to prove any contract with the defendant and subsequent performance thereof, has failed entirely to make out a cause of action.

The judgment must therefore be reversed, with costs, and complaint dismissed, with costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes